Dear Mr. Dominick:
This office is in receipt of your opinion request regarding a lawsuit filed against the Village of Rodessa (the Village) on October 10, 2002. After receiving notice that you, as the parish attorney, would be called as a witness, you have withdrawn from your representation of the Village because of a possible conflict of interest in accordance with the Louisiana Rules of Professional Conduct.
The Village has since retained a law firm, but due to the lengthiness of the litigation, the Village no longer has sufficient funds to pay an attorney. You now have requested an opinion on the following issues:
 1. Can the Village proceed with the lawsuit by representing itself?
 2. If so, can the mayor or an alderman represent the Village?
 3. If an alderman was to represent the Village, would this have to be approved by the city council upon recommendation of the mayor, or could the board of alderman simply vote without concurrence of the mayor?
 4. If a judgment was rendered against the Village, could any assets of the municipality be seized to satisfy the judgment?
With regards to the first question, it appears clear that Louisiana law would allow for the Village of Rodessa to defend itself in the above mentioned matter if the claim pertains to "an open account or promissory note, or suit for eviction." La. R.S.37:212(C). Thus, the village should not represent itself unless the disputed matter falls within the above mentioned exception.
Next, assuming that this claim pertains to an open account, promissory note, or suit for eviction as listed in La. R.S.37:212(C), the statute allows the Village to represent itself through a duly authorized official, agent, or representative. The statute, allowing for such representation states, "Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from (defending) any claim . . . on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative."
In regards to the third question, while this office has not reviewed the Village's charter, it appears that any recommendation to appoint someone to represent the Village must, in any event, be approved by the board of aldermen with a favorable vote at an open and public meeting.
Finally, if a judgment was rendered against the Village, assets of the municipality could not be seized to satisfy the judgment. La. Const. Art. 12 § 10(C) provides, "(The Legislature) shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure."
Therefore, unless this matter is an open account, promissory note, or suit for eviction, it is the opinion of this office that the Village of Rodessa can not represent itself. Finally, pursuant to La. Const. Art. 12 § 10(C), assets of the Village of Rodessa are not subject to seize to secure the effect of a judgment.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General